UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LINCY SARAH CASTELLON ALVAREZ,

             Petitioner,

v.

KEVIN RAYCRAFT et al.,

             Respondents.

_____/

Case No. 1:26-cv-1321

Honorable Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on April 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

---

[1] Petitioner was one of thirteen petitioners named in the § 2241 petition. In an order entered on April 22, 2026, the Court severed the claims of the petitioners into thirteen separate actions. (Order, ECF No. 4.) Petitioner's claims proceed in the present action.

not be granted. (Order, ECF No. 6.) Respondents filed their response on April 29, 2026. (ECF No. 7.)

## II.    Factual Background

Petitioner is a native and citizen of Honduras. (Notice to Appear (NTA), ECF No. 7-3, PageID.82.) Petitioner entered the United States on or about September 28, 2021, at or near Rio Grande City, Texas, without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*; 2021 Form I-213, ECF No. 7-4, PageID.87–88.) DHS then released Petitioner into the United States on her own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 7-6, PageID.92.)

On or around October 10, 2025, Petitioner was arrested by local police officers for misdemeanor domestic violence. (2025 Form I-213, ECF No. 7-7, PageID.95.) On October 13, 2025, Petitioner was transferred to DHS custody. (*Id.*)

In an order entered on January 9, 2026, the Detroit Immigration Court granted DHS's oral motion to pretermit Petitioner's application for asylum and withholding of removal because Petitioner had failed to establish prima facie eligibility for relief. (Jan. 2026 Order Immigration

Judge, ECF No. 7-10, PageID.104–105.) In the same order, the Immigration Judge ordered that Petitioner be removed to Guatemala.[2] (*Id*., PageID.105.)

In a joint motion dated March 23, 2026, the parties requested that the Immigration Court reopen the removal proceedings so that the Immigration Court could enter an order of removal to Honduras. (Joint Mot. Reopen, ECF No. 7-2, PageID.77–79.) On March 24, 2026, the Detroit Immigration Court entered an order granting the parties' joint motion to reopen the removal proceedings. (Mar. 2026 Order Immigration Judge, ECF No. 7-11, PageID.110.) On April 28, 2026, the Detroit Immigration Court entered a joint stipulated request for removal and waiver of hearing filed by the parties. (Apr. 2026 Order Immigration Judge, ECF No. 7-1, PageID.74.) The Immigration Judge ordered that Petitioner be removed to Honduras. (*Id*.) The order also noted that both parties had waived the right to appeal that order. (*Id*.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[2] The January 9, 2026, order of removal does not indicate that Petitioner waived her right to appeal that order to the Board of Immigration Appeals (BIA) and does not include a deadline to appeal that order to the BIA. (Jan. 2026 Order Immigration Judge, ECF No. 7-10, PageID.104–106.)

**IV.      Merits Discussion**

Respondents present evidence that indicates Petitioner received an order of removal to Honduras on April 28, 2026, and that Petitioner waived the right to appeal that order to the Board of Immigration Appeals (BIA). (Apr. 2026 Order Immigration Judge, ECF No. 7-1, PageID.74.) Respondents argue that Petitioner is subject to an administratively final order of removal and that she is properly detained pursuant to 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). "The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id.* § 1231(a)(1)(B)(i)–(iii). An order of removal "shall become final upon the earlier of . . . a determination by the Board of Immigration Appeals affirming such order; or . . . the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B)(i)–(ii).

Here, as noted above, Petitioner received an order of removal on April 28, 2026, and Petitioner waived her right to appeal that order to the BIA. (Apr. 2026 Order Immigration Judge, ECF No. 7-1, PageID.74.) Therefore, Petitioner's order of removal became final when it was entered on April 28, 2026. *See* 8 U.S.C. § 1101(a)(47)(B)(i)–(ii). Furthermore, there is no indication in the record before the Court that Petitioner's removal order is the subject of judicial review, *see id.* § 1231(a)(1)(B)(ii), or that Petitioner was detained or confined for any reason other than under an immigration process after April 28, 2026, *see id.* § 1231(a)(1)(B)(iii). Therefore,

4

Petitioner's removal period began on April 28, 2026. *See id*. § 1231(a)(1)(B). Because the 90-day

removal period has not expired, at this time, Petitioner is properly detained pursuant to § 1231(a).

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated: May 19, 2026                                     /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         CHIEF UNITED STATES DISTRICT JUDGE